**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4741**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTJOUN RIDDICK,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:22-cr-00057-TDC-1)

Submitted:  January 16, 2025                           Decided:  March 31, 2025

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brent Evan Newton, Gaithersburg, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Baltimore, Maryland, Joshua A. Rosenthal, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antjoun Riddick appeals his conviction following a jury trial for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Riddick argues that § 922(g)(1) is unconstitutional, both facially and as applied to him, and that his conviction is not supported by sufficient evidence. We affirm.

The parties agree that Riddick's Second Amendment challenges to § 922(g)(1) are foreclosed by our recent decision in *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024). *See also United States v. Canada*, 123 F.4th 159, 160-62 (4th Cir. 2024). Riddick further concedes that his challenge to the sufficiency of the evidence regarding the interstate commerce element of the offense is likewise foreclosed by our precedent. *See, e.g.*, *United States v. Reed*, 780 F.3d 260, 271-72 (4th Cir. 2015) (holding that showing a firearm traveled across state lines is sufficient to establish that a defendant's possession of a firearm was in or affected interstate commerce).

We agree with Riddick's concessions. We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2